IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HONORIO S. RAMIREZ,<br><br>    Plaintiff,<br> v.<br><br>J.P. MORGAN CHASE BANK, N.A.,<br>et al.,<br><br>    Defendants. | 1:13-CV-352  AWI GSA<br><br>ORDER DEFENDANT'S MOTION TO DISMISS AND ORDER REMANDING MATTER TO THE STANISLAUS COUNTY SUPERIOR COURT<br><br>(Doc. No. 4) |

  This is deed of trust foreclosure case brought by Plaintiff Honorio Ramirez. Defendants removed this matter from the Stanislaus County Superior Court. Defendants now move to dismiss the complaint for failure to state a claim. For the reasons that follow, the motion will be granted and the matter will be remanded to the Stanislaus County Superior Court.

**BACKGROUND**

  From the Complaint and Defendants' Request for Judicial Notice ("RJN"),[1] Plaintiff entered into an adjustable rate loan with Long Beach Mortgage Company ("Long Beach") in the amount of $228,000 for real property located in Modesto, California. Complaint ¶¶ 18-21; RJN Ex. 1. The loan was secured by a deed of trust, which listed Long Beach as the lender, the

---

[1] Defendants request that the Court take judicial notice of various documents as public records. The Court will take judicial notice of the documents that have been recorded in the Stanislaus County Recorder's Office. See Fed. R. Evid. 201; Allen v. United Fin. Mortg. Corp., 660 F.Supp.2d 1089, 1093-94 (N.D. Cal. 2009). The Court will take judicial notice of the RJN Ex. 2, the Purchase and Assumption Agreement between the Federal Deposit Insurance Corporation and Chase for the sale of WAMU assets. See Carswell v. JPMorgan Chase Bank, N.A., 500 Fed. Appx. 580, 583 (9th Cir. Nov. 21, 2012). The Court also will consider RJN Exhibit 3 as a document that is incorporated by reference in the Complaint. See Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

beneficiary, and the trustee. See RJN Ex. 1. The deed of trust provides that the note, along with the deed of trust, can be sold without prior notice to Plaintiff. See id. at ¶ 20.

At some point between 2004 and 2007, Plaintiffs' note was securitized. See RJN Ex. 3; Complaint ¶ 6. Deutsche Bank became the trustee of the mortgage security trust to which Plaintiff's loan was transferred/securitized. See RJN Ex. 3; Complaint ¶ 6.

Long Beach was a subsidiary of Washington Mutual Bank ("WAMU"). See Complaint ¶ 3. In 2006, Long Beach was wholly integrated into WAMU. See id. In 2008, WAMU was closed by the Office of Thrift Supervision. See RJN Ex. 2. Also in 2008, JP Morgan Chase ("Chase") entered into a Purchase and Assumption Agreement for the purchase of WAMU's assets, including the mortgage servicing rights and obligations of WAMU. See id. Under the terms of the Pooling & Servicing Agreement ("PSA") that governed the securities trust to which Plaintiff's loan was transferred, Chase has the authority to foreclose as the servicer of the trust. See RJN Ex. 3 at ¶ 3.01.

On November 20, 2008, Chase executed an Assignment of Deed of Trust to Deutsche Bank National Trust Company. See RJN Ex. 4.

On November 21, 2008, Chase, acting as the attorney-in-fact, executed a Substitution of Trustee that made California Reconveyance Company ("CRC") the deed of trust's new trustee. See RJN Ex. 5.

Between November 21, 2008, and May 15, 2012, three Notices of Default were recorded, and two Notices of Rescission that rescinded two of the three defaults were also recorded. See RJN Exs. 6, 7, 8, 9, 11. The May 15, 2012, Notice of Default indicated that Plaintiff was about $29,000 in arrears. See RJN Ex. 11. On August 16, 2012, a Notice of Trustee's Sale was recorded with a trustee's sale date set for September 6, 2012. See RJN Ex. 12.

Plaintiff filed this lawsuit in the Stanislaus County Superior Court on January 9, 2013. See Doc. No. 1.

On February 21, 2013, Defendants removed the matter to this Court on the basis of federal question jurisdiction. See id.

**RULE 12(b)(6) FRAMEWORK**

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011); Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008). In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Faulkner v. ADT Sec. Servs., 706 F.3d 1017, 1019 (9th Cir. 2013); Johnson, 534 F.3d at 1121. However, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Willson v. Hewlett-Packard Co., 668 F.3d 1136, 1145 n. 4 (9th Cir. 2012); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). To "avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. The Ninth Circuit has distilled the following principles from *Iqbal* and *Twombly*:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). In deciding whether to dismiss a claim under Rule 12(b)(6), the Court is generally limited to reviewing only the complaint, but it may take judicial notice of public records outside the pleadings, review materials which are properly submitted as part of the complaint, and review documents that are incorporated by reference in the Complaint if no party questions authenticity. See Knievel v. ESPN, 393 F.3d 1068, 1076

(9th Cir. 2005); Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).  If a motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made . . . ."  Henry A. v. Willden, 678 F.3d 991, 1005 (9th Cir. 2012).  However, leave to amend need not be granted if amendment would be futile or if the plaintiff has failed to cure deficiencies despite repeated opportunities.  See Mueller v. Aulker, 700 F.3d 1180, 1191 (9th Cir. 2012); Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010).

## DEFENDANTS' MOTION

1. Fifth Cause of Action – "Void Sale From Ultra Vires Act"

*Defendants' Argument*

Defendants argue that, under this cause of action, Plaintiff is attempting to void the note and the deed of trust because Plaintiffs' loan was securitized.  Plaintiff is attacking the enforceability of the deed of trust by virtue of securitization of the loan to the trust pool.  However, securitization does not divest Defendants of the ability to foreclose.

*Plaintiff's Opposition*

Plaintiff does not specifically address or defend this cause of action in his opposition.  However, Plaintiff does state that he has the right to protect himself against duplicative claims and a right to litigate against the real party in interest.  Plaintiff states that he is not trying to enforce the terms of the PSA, rather he is trying to point to breaches of the PSA in order to show that his loan was not properly securitized and never properly transferred to the securities trust.

*Relevant Allegations:*

In pertinent part, the Complaint alleges:

> . . . WAMU does not have authority to loan credit but does it anyway.  This is in violation of the Doctrine of "Ultra Vires."
>
> Defendants [Long Beach] as Trustee for LBMT 2004-4 [Mortgage Trust], did not have the power under their charger to do what they did; illegally sell the rights and interests in Defendant's loan instruments as an unregistered securities to those seeking to make lawful security investments.  It is a violation of the Securities Act of 1933 and provides a right to rescission of the contract.

Complaint ¶¶ 121-122.

*Discussion*

It is not entirely clear what Plaintiff is alleging in this cause of action. Part of the allegations relate to WAMU making a loan, but the judicially noticed documents and other allegations in the Complaint make it clear that Long Beach, not WAMU, made the loan to Plaintiff.[2] Further, the Securities Act of 1933 violation seems to relate to the securitization of Plaintiff's loan, not to the making of the loan itself. It is unknown how a violation of the Securities Act of 1933 by Long Beach as Trustee would affect the loan made to Plaintiffs, rather only the transfer of the loan to the securities trust would appear to be affected. It seems to the Court that Plaintiffs are attempting to allege a violation the Securities Act of 1933 as a method to rescind either the note from its inception or Long Beach's transfer of the loan to the securities trust. Defendants read this cause of action as an attempt to rely on the securitization process and violations of the PSA to challenge either the enforceability of the deed of trust and to void the note. Because Plaintiff does nothing to dispel this interpretation, and because this interpretation does not appear to be unreasonable, the Court will read the fifth cause of action as using the Securities Act of 1933 to attack the securitization process. See Cortez v. New Century Mortg. Corp., 2012 U.S. Dist. LEXIS 13469, *12 n.3 (N.D. Cal. Feb. 3, 2012) (holding that the plaintiff's failure to respond to an argument that characterized the nature of a claim was a concession of the defendant's characterization of that claim); In re Fresh & Process Potatoes Antitrust Litig., 834 F.Supp.2d 1141, 1169 (D. Idaho 2011) (same).

So reading the complaint, no claim is stated. First, the allegations regarding violation of the Securities Act of 1933 are conclusory and may be contrary to RJN Ex. 3. See Skinner v. Deutsche Bank Nat'l Trust Co., 2011 U.S. Dist. LEXIS 142051, *5-*6 (D. Ariz. Dec. 12, 2011). Second, courts have found that promissory notes and deeds of trust, as well as notes and mortgages, are not subject to the Securities Act of 1933. See Corales v. Flagstar Bank, FSB, 822 F.Supp.2d 1102, 1111-12 (W.D. Was. Oct. 14, 2011). Third, the deed of trust stated that Long Beach had the authority to transfer the note and the deed of trust. See RJN Ex. 1 at ¶ 20. Fourth,

---

[2] Plaintiff's loan was made in 2004, and the Complaint alleges that Long Beach became wholly integrated into WAMU in 2006. See RJN Ex. 1; Complaint ¶¶ 3, 18.

securitization of the note does not affect the ability to foreclose.  See Hale v. World Sav. Bank, 2012 U.S. Dist. LEXIS 141917, *19 (E.D. Cal. Oct. 1, 2012); Sami v. Wells Fargo Bank, 2012 U.S. Dist. LEXIS 38466, *12-*14 (N.D. Cal. Mar. 21, 2012); Tang v. Bank of America, N.A., 2012 U.S. Dist. LEXIS 38642, *23 (C.D. Cal. Mar. 19, 2012); see Lane v. Vitek Real Estate Industries Group, 713 F.Supp.2d 1092, 1099 (E.D. Cal. 2010).  Fifth, to the extent that violations of the PSA are alleged, Plaintiff is not a party to the PSA.  Plaintiff does not have standing to raise violations of the PSA or to otherwise bring claims on the basis that the PSA was violated.  See Elliot v. Mortgage Elec. Registration Sys., 2013 U.S. Dist. LEXIS 61820, *7-*10 (N.D. Cal. Apr. 25, 2013); Sabherwal v. Bank of N.Y. Mellon, 2013 U.S. Dist. LEXIS 2930, *20-*21 (S.D. Cal. Jan. 7, 2013); Dinh v. Citibank, N.A., 2013 U.S. Dist. LEXIS 2312, *8-*11 (C.D. Cal. Jan. 7, 2013); Ramirez v. Kings Mortg. Servs., 2012 U.S. Dist. LEXIS 160583, *13-*14 (E.D. Cal. Nov. 8, 2012); Armstrong v. Chevy Chase Bank, FSB, 2012 U.S. Dist. LEXIS 144125, *6-*7 (N.D. Cal. Oct. 3, 2012); Hale, 2012 U.S. Dist. LEXIS 141917 at *17-*18; Almutarreb v. Bank of N.Y. Trust Co., N.A., 2012 U.S. Dist. LEXIS 137202, *3-*7 (N.D. Cal. Sept. 24, 2012); Junger v. Bank of Am., 2012 U.S. Dist. LEXIS 23917, *7-*8 (C.D. Cal. Feb. 24, 2012).

In the absence of an opposition that specifically addresses this cause of action, the Court does not see how amendment would be helpful.  Therefore, the fifth cause of action will be dismissed without leave to amend.[3]

### 2.     Remaining Causes of Action

This case was removed on the basis of federal question jurisdiction.  See Notice of Removal at ¶ 3.  "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); California v. United States, 215 F.3d 1005, 1014 (9th Cir.

---

[3] The Court notes that, despite Plaintiff's desire to protect himself against duplicative claims, there are no allegations that any entity, other than the foreclosing entities, have ever made a claim for payments.  See Gutierrez v. U.S. Bank, NA, 2013 U.S. Dist. LEXIS 14319, *5 (C.D. Cal. Feb. 1, 2013) ("Further, Plaintiff's argument that U.S. Bank is the 'wrong party' to initiate foreclosure is made more implausible by the fact no other party has ever come forward to enforce Plaintiff's obligations under the DOT.").

6

2000).  As part of the artful pleading doctrine, state law claims may support federal jurisdiction if a substantial question fo federal law is a necessary element of the well-pleaded complaint, or the claim to relief is an inherently federal claim that is articulated in state-law terms, or the right of relief depends on the resolution of a substantial and disputed federal question.  Lippitt v. Raymond James Fin. Servs., 340 F.3d 1033, 1342 (9th Cir. 2004).  It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction.  Geographic Expeditions, 599 F.3d at 1106-07; Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009).  Here, Defendants identified violations of the Real Estate Settlement Procedures Act ("RESPA) (12 U.S.C. § 2601), the Truth In Lending Act ("TILA") (15 U.S.C. § 1601), and the Securities Act of 1933, as reflected in Paragraphs 29, 106, 113, and 122 of the Complaint.  See Notice of Removal at ¶ 3.

   Paragraph 106 is part of Plaintiff's third cause of action for violations of the California Business & Professions Code § 17200 ("UCL").  The UCL prohibits "unlawful, unfair, or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  Since the UCL is "written in the disjunctive, it establishes three varieties of unfair competition – acts or practices which are unlawful, or unfair, or fraudulent."  Lippitt, 340 F.3d at 1043.  Paragraph 106 alleges that Defendants violated TILA (and the  corresponding Regulation Z) and RESPA.  However, Paragraph 106 also identifies violations of the California Penal Code and the California Civil Code.  Further, Paragraph 105 identifies seven acts that are allegedly "unlawful, fraudulent, and deceptive," and none of those seven acts deal with RESPA or TILA.  See Complaint ¶ 105.

   "When a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory – federal question jurisdiction does not attach because federal law is not a necessary element of the claim."  Nevada v. Bank of Am. Corp., 672 F.3d 661, 775 (9th Cir. 2012); Rains v. Criterion Sys., Inc., 80 F.3d 339, 346 (9th Cir. 1996); see also Lippitt, 340 F.3d at 1043.  Given Paragraph 105 and the entirety of Paragraph 106, it is apparent that Plaintiff "does not have to rely on a violation of the [federal laws] to bring a UCL claim in California state court."  Lippitt, 340 F.3d at 1043.  Plaintiff is not seeking to enforce RESPA or TILA, rather, he is using "a state statute, namely [the UCL], as a vehicle to

7

hold Defendants liable for misleading and deceptive practices" associated with his loan and the related foreclosure activities.  Id.  There are many ways of showing a violation of the UCL, and Plaintiff has identified a number of such actions that have nothing to do with either TILA or RESPA.  Because Plaintiff's allegations show that he can pursue and sustain the elements of a UCL claim without resort to either RESPA or TILA, Paragraph 106 and the third cause of action do not present a federal question.[4]  See Lippitt, 340 F.3d at 1043; Sandford v. Wells Fargo & Co., 2012 U.S. Dist. LEXIS 181416, *3-*4 (C.D. Cal. Dec. 21, 2012); California v. Pinnacle Sec. CA. LP, 746 F.Supp.2d 1129, 1130-31 (N.D. Cal. 2010); see also Nevada, 672 F.3d at 775; Rains, 80 F.3d at 346.

      Paragraph 29 indicates that Chase did not respond to what was allegedly a Qualified Written Request ("QWR").  See Complaint ¶ 29.  RESPA requires a loan servicer to respond to a QWR, if in fact the letter sent is properly classified as a QWR.  See 12 U.S.C. § 2605; Wende v. Countrywide Home Loans, Inc., 2012 U.S. Dist. 25503, *11-*13 (S.D. Cal. 2012); Gonzalez v. First Franklin Loan Servs., 2010 U.S. Dist. LEXIS 1657, *33-*34 (E.D. Cal. Jan. 9, 2010). However, Paragraph 29 is part of the general background allegations, and it is not alleged under any particular cause of action.  Paragraph 29 does not show that Plaintiff is pursuing a RESPA cause of action.  Indeed, the Complaint itself does not list or identify RESPA as a separate cause of action.

      Paragraph 113 is part of the cause of action for an accounting.  Paragraph 113 states that Chase did not respond to Plaintiff's QWR.  See Complaint ¶ 113.  The next paragraph states that, as a result, the money due and owing cannot be determined without an accounting.  See Complaint ¶ 114.  The action for accounting is brought under California law.  Under California law, an "accounting may be brought to compel the defendant to account to the plaintiff for money or property (1) where a fiduciary relationship exists between the parties, or (2) where, even though there no fiduciary duty exists, the accounts are so complicated that an ordinary legal action demanding a fixed sum is impractible."  Jolley v. Chase Home Finance, LLC, 213

---

[4] The Court makes no finding whether Plaintiff has complied with Federal Rule of Civil Procedure 8 with respect to the third cause of action.

Cal.App.4th 872, 910 (2013). "A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due to the plaintiff that can only be ascertained by an accounting." Id. The gist of these allegations is that an amount is owing and in dispute.[5] The QWR allegation is wholly independent from the elements of an accounting cause of action. Properly understood, Paragraph 113, and more particularly the reference to the QWR, is nothing more than an unnecessary background allegation. Paragraph 113 does not reflect a cause of action for violation of RESPA. Cf. Nevada, 672 F.3d at 775; Lippitt, 340 F.3d at 1043; Rains, 80 F.3d at 346.

Finally, Paragraph 122 part of the fifth cause of action. In pertinent part, Paragraph 122 alleged that the Securities Act of 1933 was violated and provided a remedy of rescision. See Complaint ¶ 122. As discussed above, the fifth cause of action does not state a claim, and the Court has dismissed that claim without leave to amend. Therefore, the Securities Act of 1933 is no a longer part of this case.

In light of the above, the only arguable basis for federal question jurisdiction, Paragraph 122, has been dismissed without leave to amend. There are no other federal questions remaining. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise jurisdiction over supplemental state law claims if "the district court has dismissed all claims over which it has original jurisdiction." Generally, "when federal claims are dismissed before trial . . . pendent state claims should also be dismissed." Religious Tech. Ctr v. Wollersheim, 971 F.2d 364, 367-68 (9th Cir. 1992). When removal is based on the presence of a federal cause of action, a district court may remand pendent or supplemental state law claims to the state court once the federal claims have been eliminated. See Lee v. City of Beaumont, 12 F.3d 933, 937 (9th Cir. 1993). In fact, "it is generally preferable for a district court to remand remaining pendent claims to state court." Id. Considering judicial economy, convenience, fairness, and comity, the Court will decline to exercise supplemental jurisdiction over the remaining state law claims, and will instead remand this matter back to the Stanislaus County Superior Court.

---

[5] The Court makes no determination whether Plaintiff has sufficiently alleged an action for an accounting for purposes of Federal Rule of Civil Procedure 8.

**CONCLUSION**

Defendants move to dismiss all of the claims alleged against them.

With respect to the fifth cause of action, dismissal is appropriate because the allegations are legal conclusions and do not state viable legal theories. Because of the deficiencies and the lack of an opposition that specifically addressed the fifth cause of action, dismissal will be without leave to amend.

With respect to the remaining causes of action, they are all state law claims. There are no remaining federal questions in this case. The Court will exercise its discretion and decline to exercise supplemental jurisdiction. Instead, this matter will be remanded to the Stanislaus County Superior Court. The Court makes no findings whether the remaining causes of action meet Federal Rule 8's pleading standards.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss the fifth cause of action is GRANTED and the fifth cause of action is DISMISSED without leave to amend;

2. Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over the remaining state law claims; and

3. This matter is REMANDED forthwith to the Stanislaus County Superior Court.

IT IS SO ORDERED.

Dated:   June 6, 2013

SENIOR DISTRICT JUDGE